0PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Southern District of Ohio<br>Eastern Division |
|---|---|
| Name under which you were convicted: | Docket or Case No.: |
| Place of Confinement:<br>**Noble Correctional Institution**<br>**15708 McConnelsville Road**<br>**Caldwell, Ohio 43724** | Prisoner No.: **A774-515** |
| Petitioner (include the name under which you were convicted)<br>**Christopher Dinger** | Respondent (authorized person having custody of petitioner)<br>**Jay Forshey, Warden** |
| v. | |
| The Attorney General of the State of: **Ohio David Youst** | |

# PETITION

1. a) Name and location of court that entered the judgment of conviction you are Challenging: **Stark County Court of Common Pleas**
   **Courthouse, 115 Central Plaza North, Room 101**
   **Stark County, Ohio 44702**

   (b) Criminal docket or case number (if you know): **2020 CR 1128**

2. (a) Date of the judgment of conviction (if you know): **November 6th 2020**

   (b) Date of sentencing: **November 6th 2020**

3. Length of sentence: **8 to 12 years**

4. In this case, were you convicted on more than one count or of more than on crime? **Yes.**

5. Identify all crimes of which you were convicted and sentenced in this case: **1 Count Kidnapping in violation of O.R.C §2905.01(A)(3)(C)(1) a felony of the first degree; 1 Count of menacing by stalking in violation of O.R.C §2903.21(A)(1)(B)(2)(e) a felony of the fourth degree.**

6.     (a) What was your plea? (Check one) **Not guilty**
    (b) **Not Applicable**
    (c) If you went to trial what kind of trial did you have? (Check one) **Jury**

7     Did you testify at a pretrial hearing, trial, or a post-trial hearing? **Yes.**

8.     Did you appeal from the judgment of conviction? **Yes.**

9.     If you did appeal, answer the following:

    (a) Name of court: **Fifth Appellate District Court of Appeals for Stark County County Office Building 110 Central Plaza South Room 320 Canton, Ohio 44702**

    (b) Docket or case number (if you know): **2020CA00177**

    (c) Result: **The judgment from Stark County Court of Common Pleas was affirmed though on Appeal as a right the Court Appointed Appellate Counsel who did not raise any Constitutional violations or due process of law to either the confrontation clauses to confront the accusers or to cross-examine witnesses against the accused.**

    (d) Date of result (if you know): **March 2nd, 2022**

    (e) Citation to the case (if you know): **State v. Dinger, 167 Ohio St. 3d 1457, 2022-Ohio-2446, 2022 Ohio LEXIS 141, 190 N.E.3d 634 (July 19, 2022)**

    Grounds raised: **The motion was denied even though trial counsel was ineffective in assistance of the defendant at trial in violation of the defendant's United States Constitutional Rights in the VI and XIV Amendments as well as the State of Ohio Constitution in Article 1, Section 10. The defendant-petitioner was allowed to proceed pro se and was appointed of standby counsel who moved to withdraw as unprepared even though counsel had ample time to review the fact of the case. The trial court also refused to allow the pro se defendant who represented himself as counsel to cross-examine state witness and the fundamental right to a continuance as would any legally licensed practicing attorney would be granted.**

    (f) Did you seek further review by a higher state court? **Yes.**

    If yes, answer the following;

    (1) Name of court: **The Supreme Court of Ohio**

  (2) Docket or case number (if you know): **2022-0606**
  (3) Result: **The Ohio Supreme Court Refused to Accept Jurisdiction.**
  (4) Date of result (if you know): **October 11th, 2022.**
  (5) Citation to the case (if you know): **State v. Dinger 2022-0606, Supreme Court of Ohio**
  (6) Grounds raised: **All the grounds raised on Motion plus the violation of Petitioner-Appellant Due Process rights under the United States Constitution as well as the Ohio Constitution under the confrontation clauses of both to confront the accusers and cross-examine state witnesses against the accused.**

 (g) Did you file a petition for certiorari in the United States Supreme Court? **No.**

10. Other than the direct appeals listed above, have you previously filed any other petition, application, or motions concerning this judgment of conviction in any state court? **Yes.**

11. If your answer to Question 10 was "Yes" give the following information:

 (a) (1) Name of court: **Fifth Appellate District Court of Appeals for Stark County Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702**

  (2) Docket or case number (if you know): **2020CA-00177**
  (3) Date of filing (if you know): **August 15,2022**
  (4) Name of the proceeding: **Motion 26(b) for Reconsideration**
  (5) Grounds raised: **The same grounds as Direct Appeal; and in Memorandum in support of Jurisdiction to the Ohio Supreme Court in violation of the United States Constitution as well as the Ohio Constitution in the Confrontation Clauses and Due Process of Law.**
  (6) Did you receive a heating where evidence was given on your petition, application or motion? **No.**
  (7) Result: **The Fifth Appellate Court Denied Petitioner motion 26(b)**
  (8) Date of result (if you know): **August 31st, 2022**

 (b) If you filed any second petition, application, or motion, give information: **No.**

  (1) Name of court:
  (2) Docket or case number (if you know):
  (3) Date of filing (if you know):
  (4) Name of the proceeding:
  (5) Grounds raised:
  (6) Did you receive a heating where evidence was given on your petition, application or motion? **No.**
  (7) Result:

        (8) Date of result (if you know):
- (c) If you filed any third petition, application, or motion, give same information:
  - (1) Name of court:
  - (2) Docket or case number (if you know):
  - (3) Date of filing (if you know):
  - (4) Name of the proceeding:
  - (5) Grounds raised:
  - (6) Did you receive a heating where evidence was given on your petition, application or motion? **No.**
  - (7) Result:
  - (8) Date of result (if you know):

- (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion
- (c) If you did not appeal to the highest state court having jurisdiction, explain why you did Not.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have than four grounds. State the facts supporting each ground. Any legal argument must be summited in a separate memorandum.

**GROUND ONE: VIOLATION OF THE UNITED STATES CONSTIUTION AND OHIO CONSTITUTION**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
**The Appellant-Petitioner was denied effective assistance of trial counsel in violation of the Petitioners-Appellant United States Constitution rights to the VI and XIV Amendments As well as to the Ohio Constitution in Article 1, Section 10. Petitioner Appellant was allowed to proceed pro se and was appointed standby counsel who moved to withdraw as being unprepared even though counsel had a week to review the manifest injustice, nor was Petitioner-Appellant allowed to confront prosecution witness or cross-examine the prosecution witnesses even though the Trial Judge refused to address the removal of appointed standby counsel as Petitioner-Appellant observed the unprofessionalism and uncooperative as well as combative in the defense of Petitioner-Appellant so appointed counsel was terminated as representative the pro se litigant. The Petitioner-Appellant was denied the fundamental right to a continuance as to the respect to any Legally Licensed Practicing Attorney in a trial proceeding.**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Yes.**
   (c)    **Direct Appeal Ground One:**
       (1) If you appealed from judgment of conviction, did you raise this issue? **Yes.**
       (2) If you did not raise this issue in your direct appeal explain why: **On Direct Appeal as a right the Trial Court Appointed an Appellate Attorney to represent the Petitioner-Appellant on the Appeal as a right and did not address all Petitioner-**

      **Appellant concerns or have any type of communication to perfect an Appeal as a Right to have Petitioner conviction over turned.**

(d) **Post-Conviction**
    (1) Did you raise this issue through post-conviction motion, or petition for habeas corpus In a state court?
    (2) If your answer to Question (d)(1) is "Yes" state: **Ohio**
    Type of motion petition: **Post-Conviction Relief**
    Name and location of the court where the motion or petition was filed: **Stark County Court of Common Pleas Courthouse 115 Central Plaza, Room 110 Canton, Ohio 44702-000**
    Docket or case number (If you know): **2020CR1128**
    Date of court decision: **June 21st, 2022**
    Result (attach a copy of the court's opinion or order, if available)
    (3) Did you receive a hearing on your motion or petition? **No.**
    (4) Did you appeal from the denial of your motion or petition? **No.**
    (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal? **Yes**.
    (6) If your answer to Question (d)(4) is "Yes" state: **Ohio**
    Name and location of the court where the appeal was filed: **Ohio Supreme Court 65 South Front Street, Columbus, Ohio 43215-3431**
    Docket or case number (if you know): **2022 0606**
    Date of the court decision: **August 31st, 2022**
    Result (attach a copy of the court's opinion or order, if available):
    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative Remedies, etc.) that you have used to exhaust your state remedies on Ground One:
    **Petitioner-Appellant filed a meritorious prima facie motion to Fifth Appellate Court in a motion for reconsideration in App. R. 26(b) on August 15th, 2022** however
    **Petitioners-Appellant meritorious prima facie motion 26(b) was denied on August 31st, 2022**

**GROUND TWO: VIOLATION OF THE DUE PROCESS LAW**
    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): **The trial court violated the Petitioner-Appellant to self-representation as a pro se litigant, and allowed ineffective assistance of standby counsel who in the own words had a week to review; examine; and prepare a collateral of the prosecution case yet standby appeared in the courtroom unprepared and unengaged and incompetent in the effective assistance of the Petitioner-Appellant and choose to have the trial court allow court appointed counsel to withdraw. Then the trial refused to allow the pro se representative was barred from seeking a continuance and to cross-examine witnesses and provide witnesses for Petitioner own defense. The prosecutor failed produce any**

    **direct eye witness against the Petitioner-Appellant to corroborate or to warrant any indictment late alone sustain or a conviction against the manifest weight of the evidence or lack thereof when clearly the prosecution did not provide proof beyond a reasonable doubt.**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Not Applicable.**
(c)  **Direct Appeal Ground Two:**
   (1) If you appealed from judgment of conviction, did you raise this issue? **Yes.**
   (2) If you did not raise this issue in your direct appeal explain why: **Due to the fact that the trial court appointed Appellate Counsel to file Petitioner-Appellant for an Appeal as a right.**

(d) **Post-Conviction**
   (1) Did you raise this issue through post-conviction motion, or petition for habeas corpus In a state court? **Yes.**
   (2) If your answer to Question (d)(1) is "Yes" state: **Ohio**
  Type of motion petition: **To the Fifth Appellate District in motion 26(B) and the Ohio Supreme Court.**
  Name and location of the court where the motion or petition was filed: **Fifth Appellate District Court of Appeals Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702 and The Ohio Supreme Court 65 South Front Street, Columbus Ohio 43215-3431**
  Docket or case number (If you know): **Fifth Appellate District Case No. 2020CA-00177**
              **The Ohio Supreme Court Case No. 2022 0606**
  Date of court decision: **Fifth Appellate date August 31st, 2022; The Ohio Supreme date August 31st, 2022**
  Result (attach a copy of the court's opinion or order, if available)
   (3) Did you receive a hearing on your motion or petition? **No.**
   (4) Did you appeal from the denial of your motion or petition? **Yes.**
   (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal? **Yes.**
   (6) If your answer to Question (d)(4) is "Yes" state: **Ohio**
  Name and location of the court where the appeal was filed: **Fifth Appellate District Court of Appeals Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702 and The Ohio Supreme Court 65 South Front Street, Columbus Ohio 43215-3431**
  Docket or case number (if you know): **Fifth Appellate District Case No. 2020CA-00177**
              **The Ohio Supreme Court Case No. 2022 060**
  Date of the court decision: **Fifth Appellate date August 31st, 2022; The Ohio Supreme date August 31st, 2022**
  Result (attach a copy of the court's opinion or order, if available):
   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **Some of the issues were raised on Direct Appeal but the majority of the injustices were raise in Petitioner-Appellant motion to the Fifth Appellate District Court and to the Ohio Supreme Court.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative Remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Not Applicable.**

**GROUND THREE: THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE PETITIONER-APPELLANT AND THE UNJUST CONVICTION MUST BE REVERSED**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your 0claim):

(b)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal Ground Three:**

  (1) If you appealed from judgment of conviction, did you raise this issue? **Yes, and No.**

  (2) If you did not raise this issue in your direct appeal explain why: **On Direct Appeal as a right the Trial Court appointed an Appellate Counsel who raised some of the Petitioner-Appellant U.S and Ohio Constitutional issue**

(d) **Post-Conviction**

  (1) Did you raise this issue through post-conviction motion, or petition for habeas corpus In a state court? **Yes.**

  (2) If your answer to Question (d)(1) is "Yes" state: **Ohio**
  Type of motion petition: **26(b) motion to the Fifth District Court of appeals and memorandum of jurisdiction to the Ohio Supreme Court.**
  Name and location of the court where the motion or petition was filed: **Fifth Appellate District Court of Appeals Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702 and The Ohio Supreme Court 65 South Front Street, Columbus Ohio 43215-3431**
  Docket or case number (If you know): **Fifth Appellate District Case No. 2020CA-00177 The Ohio Supreme Court Case No. 2022 060**
  Date of court decision: **Fifth Appellate date August 31st, 2022; The Ohio Supreme date August 31st, 2022**
  Result (attach a copy of the court's opinion or order, if available)

  (3) Did you receive a hearing on your motion or petition? **No.**

  (4) Did you appeal from the denial of your motion or petition? **Yes.**

  (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal? **Yes and No. Other issues were raise by Petitioner in motion 26(b) and the Ohio Supreme**

  (6) If your answer to Question (d)(4) is "Yes" state: **Ohio**
  Name and location of the court where the appeal was filed: **Fifth Appellate District Court of Appeals Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702 and The Ohio Supreme Court 65 South Front Street, Columbus**

Ohio 43215-3431

Docket or case number (if you know):
Date of the court decision: **Fifth Appellate date August 31st, 2022; The Ohio Supreme date August 31st, 2022**
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **Some of the issues were not raised not presented by on Direct Appeal by Court Appointed Appellate Counsel**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative Remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **Some of the issues were raised on Direct Appeal but the majority of the injustices were raise in Petitioner-Appellant motion to the Fifth Appellate District Court and to the Ohio Supreme Court.**

## GROUND FOUR: THE JURY FUNDAMENTLLY LOST ITS WAYAS PETITIONER-APPELLANT CONVICTION WAS AGAINST THE MAINFESTT WEIGTH OF THE EVIDENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): **When there is sufficient evidence for the jury's consideration, typically issues such as credibility of a witness testimony and the weight to be assigned to the evidence before the court should be left to the providence of the jury. However, the appellate court may exercise its authority to review the entire record in determining whether the jury made a reasonable decision in reaching its verdict or whether the evidence heavily weighted against the conviction and the jury clearly lost its way, creating manifest injustice. In evaluating the weight of the evidence, the Court of Appeals assumes the seat of the "Thirteenth Juror," deciding whether the greater creditable evidence to support a conviction. While the appellate court may simply substitute its own judgment, its proper for the reviewing court to inquire whose evidence was more believable. In the instant case, the manifest weight against the conviction on the offenses charged. Restating and incorporating hereto those pertinent sections of the Ohio Revised Code, Petitioner-Appellant maintains that the State failed to provide prove each and every element of the crimes charged, beyond a reasonable doubt. Petitioner-Appellant maintains the only witness presented in person, by the State at trial were Officer Barnhouse and Szainszlo. The alleged 911 caller who did not appear in person at trial nor did the alleged victim who refused to cooperate with the prosecutor's office in the charging indictment or provide a corroborating affidavit of truth to back up the hearsay testimony of both arresting officer's testimony on the record and even though the prosecutor did subpoena the alleged victim and caller of the 911 call they did not use the call as a complete evidence of the charging indictment in which to sustain a just conviction against the manifest weight of the evidence or lack thereof.**

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal Ground Four:**
   (1) If you appealed from judgment of conviction, did you raise this issue? **Yes, and No.**
   (2) If you did not raise this issue in your direct appeal explain why: **Appointed Appellate raised some issues but most were raise by Petitioner in motion 26(b)and to the Ohio Supreme Court.**

(d) **Post-Conviction**
   (1) Did you raise this issue through post-conviction motion, or petition for habeas corpus In a state court? **No.**
   (2) If your answer to Question (d)(1) is "Yes" state:
      Type of motion petition:
   Name and location of the court where the motion or petition was filed:
   Docket or case number (If you know):
   Date of court decision:
   Result (attach a copy of the court's opinion or order, if available)
   (3) Did you receive a hearing on your motion or petition?
   (4) Did you appeal from the denial of your motion or petition?
   (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?
   (6) If your answer to Question (d)(4) is "Yes" state:
   Name and location of the court where the appeal was filed:
   Docket or case number (if you know):
   Date of the court decision:
   Result (attach a copy of the court's opinion or order, if available):
   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative Remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **Motion for Reconsideration in 26(b) and the Ohio Supreme**

**GROUND FIVE: VIOLATION OF VI AND XIV AMANDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS THE OHIO CONSTITUTION IN ARTICLE 1, SECTION 10.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): **The violation of VI Amendment in the Petitioner-Appellant trial to confront the alleged victim accuser in open court were not given to Petitioner-Appellant as well as witnesses against the Petitioner-Appellant. The only allegations of the prosecutor's charging indictment came by the way of the arresting officer's hearsay testimony, video body camera footage of the arrest of the Petitioner-Appellant and a 911 recording by an alleged witness to whom prosecutor fail to produce either in a notarized sworn affidavit of truth or in person confrontation.**

(b) If you did not exhaust your state remedies on Ground Five, explain why: **Not Applicable.**

(c) **Direct Appeal Ground Five:**
  (1) If you appealed from judgment of conviction, did you raise this issue **Yes and No.**
  (2) If you did not raise this issue in your direct appeal explain why **Appointed Appellate raised some issues but most were raise by Petitioner in motion 26(b)and to the Ohio Supreme Court.**

(d) **Post-Conviction**
  (1) Did you raise this issue through post-conviction motion, or petition for habeas corpus In a state court? **Yes.**
  (2) If your answer to Question (d)(1) is "Yes" state: **Ohio**
  Type of motion petition: **Motion 26(b) to the Appellate Court and The Ohio Supreme Court**
  Name and location of the court where the motion or petition was filed: **Fifth Appellate District Court of Appeals Courthouse Office Building 110 Central Plaza Room 320 Canton, Ohio 44702 and The Ohio Supreme Court 65 South Front Street, Columbus Ohio 43215-3431**

  Docket or case number (If you know): **Fifth Appellate District Case No. 2020CA-00177 The Ohio Supreme Court Case No. 2022 060**

  Date of court decision: **Fifth Appellate date August 31st, 2022; The Ohio Supreme date August 31st, 2022**
  Result (attach a copy of the court's opinion or order, if available)
  (3) Did you receive a hearing on your motion or petition? **No.**
  (4) Did you appeal from the denial of your motion or petition? **Yes.**
  (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?
  (6) If your answer to Question (d)(4) is "Yes" state:
  Name and location of the court where the appeal was filed:
  Docket or case number (if you know):
  Date of the court decision:
  Result (attach a copy of the court's opinion or order, if available):
  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative Remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

13. Please answer these additional question about the petition you are filling:
  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

  If your answer is "No." state which grounds have not been presented and give your reason(s) for not presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in federal court regarding the conviction that you challenge in this petition?

 If "Yes," state the name and location of the court, docket or case number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
 (a) At preliminary hearing:
 (b) At arraignment and plea:
 (c) At trial:
 (d) At sentencing:
 (e) On appeal:
 (f) In any post-conviction proceeding:
 (g) On appeal from any ruling against you in post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
 (a) If yes give name and location of court imposed the other sentence you will serve in the future:
 (b) Give the date the other sentence was imposed:
 (c) Give length of the other sentence:
 (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future:

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. §2244(d) does not bar you petition. *

---

- The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period pf limitation shall apply a supplication for a writ of habeas corpus by a person in custody pursuant to judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and Made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection

Therefore, petitioner asks that the Court gran the following relief: **That this Honorable Court of Justice to uphold the United States Constitution, the Ohio Constitution, overturn and reverse the conviction releasing the Petitioner-Appellant. To also vacate and set aside the sentence and conviction based on the lower court manifest injustice of its rulings against the protections provided by the framers in governmental overreach of depriving Petitioner-Appellant of life; liberty and the pursuant of happiness. These are the same injustices the framers encounter and all the Petitioner-Appellant wanted is for the State to uphold these enable right for the protection of its citizens are guaranteed by these involving documents and vacate and set aside this unjust conviction.** or any other relief to which petitioner may be entitled.

_____ PRO-SE

Signature of Attorney (if any)

I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-10-23 (month, date, year)

Executed (signed) on 2-10-23 (date)

_____ PRO SE
Signature of Petitioner

Supreme Court of Ohio Clerk of Court - Filed October 11, 2022 - Case No. 2022-0606

# The Supreme Court of Ohio

| | |
|---|---|
| State of Ohio | Case No. 2022-0606 |
| v. | E N T R Y |
| Christopher Dinger | |

Upon consideration of the jurisdictional memoranda filed in this case, the court declines to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).

(Stark County Court of Appeals; No. 2020CA00177)

*[signature]*

Maureen O'Connor
Chief Justice

The Official Case Announcement can be found at http://www.supremecourt.ohio.gov/ROD/docs/